UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ARNOLD MCKELVEY,
                    Plaintiff,

    -against-                                  9:12-CV-0094 (LEK/TWD)

BRIAN FISCHER, Commissioner;
CRIS NUNEZ, Inspector General's Office;
and MR. BARBINI, Hearing Officer,

                    Defendants.

**MEMORANDUM-DECISION and ORDER**

**I.    INTRODUCTION**

Presently before the Court is a Complaint brought pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff Arnold McKelvey ("Plaintiff"). Dkt. No. 1 ("Complaint"). Plaintiff commenced this action in the Southern District of New York. Id. at 1. By Order of the Honorable Loretta A. Preska, Chief Judge of the Southern District of New York, this action was transferred to the Northern District on January 18, 2012. Dkt. No. 4. Plaintiff has paid the statutory filing fee for this action, and has not filed an application to proceed *in forma pauperis*.

**II.    BACKGROUND**

The claims set forth in the Complaint arise out of disciplinary proceedings conducted against Plaintiff at Hudson Correctional Facility, as well as out of Plaintiff's subsequent confinement in the special housing unit ("SHU") at Green Correctional Facility. Compl. at 2-3. Plaintiff alleges that in June 2011, Defendant Cris Nunez ("Defendant Nunez") wrote a misbehavior report charging Plaintiff with soliciting another person to smuggle contraband into Hudson Correctional Facility.

Id. A Tier 3 disciplinary hearing was conducted by Defendant Barbini, who found Plaintiff guilty and sentenced him to ninety days confinement in the special housing unit and ninety days loss of privileges. Id. at 3, 15. On August 1, 2011, the disciplinary determination was reversed because the investigating officer, Defendant Nunez, had not been called to testify at the hearing. Id. at 5, 16. Notwithstanding the reversal of the disciplinary proceeding, Plaintiff remained in the SHU at Greene Correctional Facility until September 7, 2011, when he was transferred to Washington Correctional Facility. Id. at 11. Plaintiff complains that his SHU confinement was improper, and seeks an award of money damages. See id. at 5. For a complete statement of Plaintiff's claims, reference is made to the Complaint.

### III.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A (a)-(b); see also Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner *pro se* complaints).[1] Thus, although the Court has the duty to show liberality toward *pro se* litigants, see Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

opportunity to respond, . . ." Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the Court also must determine whether Plaintiff may properly maintain the Complaint before permitting him to proceed.

A complaint should not be dismissed if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted). Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

**IV.   DISCUSSION**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. The Supreme Court has explained that "[t]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992).

### A. Defendant Nunez

With respect to Plaintiff's claim against Defendant Nunez, "a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997) (citing Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). In addition, "[t]he filing of a false report does not, of itself, implicate the guard who filed it in constitutional violations which occur at a subsequent disciplinary hearing." Williams v. Smith, 781 F.2d 319, 324 (2d Cir. 1986). False accusations contained in a misbehavior report can rise to the level of a constitutional violation only if aggravating factors are also present, such as "retaliation against the prisoner for exercising a constitutional right." Boddie, 105 F.3d at 862.

Here, Plaintiff does not allege that Defendant Nunez wrote the misbehavior report to retaliate against him. Indeed, Plaintiff does not even clearly allege that the misbehavior report was false.[2] As a result, the Complaint fails to state a claim against Defendant Nunez upon which relief may be granted, and he is dismissed without prejudice as a Defendant in this action.

### B. Defendant Fischer

The Complaint also names DOCCS Commissioner Brian Fischer ("Commissioner Fischer") as a Defendant. As alleged in the Complaint, Commissioner Fischer is "responsible for the depensing [sic] of all inmates." Compl. at 11. Plaintiff also submitted a copy of a letter he wrote to Commissioner Fischer dated September 20, 2011, seeking compensation for the time he was confined in the SHU following the reversal of his disciplinary determination. Id. at 18.

The personal involvement of a defendant is a prerequisite for assessment of liability in a §

---

[2] According to the misbehavior report, Plaintiff admitted to writing a letter to a parolee in which he requested that "marijuana be provided through either a package, a visit or by throwing it over the facility fence." Compl. at 8.

4

1983 action, McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977), and the doctrine of *respondeat superior* is inapplicable to these claims. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973). In the case of supervisory officials, personal involvement may be established in several ways: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. Williams, 781 F.2d at 323-24.

Upon review, it appears that Plaintiff named Commissioner Fischer as a Defendant based solely upon his position at DOCCS. Holding a position in a hierarchical chain of command, without more, is insufficient to support a showing of personal involvement. Id. Rather, a plaintiff must demonstrate "'a tangible connection between the acts of the defendant and the injuries suffered.'" Austin v. Pappas, No. 04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (quoting Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986)) (other citation omitted). As a result, Plaintiff has failed to state a claim against Commissioner Fischer upon which relief may be granted and he is dismissed without prejudice as a Defendant in this action.

**V.    CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's claims against Defendants Nunez and Fischer are **DISMISSED**

**without prejudice** pursuant to 28 U.S.C. § 1915A,[3] and it is further

**ORDERED**, that the Clerk shall issue a Summons and forward it to Plaintiff for service upon Defendant Barbini.[4]  The Clerk shall forward a copy of the Summons and Complaint to the Office of the New York Attorney General, together with a copy of this Order; and it is further

**ORDERED**, that a response to Plaintiff's Complaint be filed by Defendant Barbini or his counsel as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain

---

[3] Should Plaintiff seek to pursue one or more of the claims dismissed by the Court herein, he must file an amended complaint.  Any amended complaint filed by Plaintiff must bear his original signature, and must contain a caption that identifies, by name, each individual that Plaintiff is suing in this lawsuit.  Plaintiff's amended complaint, which shall supersede and replace the original Complaint in its entirety, must be a complete pleading which sets forth all of the claims that he wants this Court to consider as a basis for awarding relief herein and must contain a short and concise statement of the facts he relies upon to demonstrate that each of the named Defendants engaged in acts of misconduct or wrongdoing which violated his constitutional rights.  Plaintiff must also comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure in preparing any amended complaint.

[4] Because Plaintiff has not applied for *in forma pauperis* status, nor has he otherwise requested this Court's assistance in effecting service of process, he is not entitled to have the Complaint served by the U.S. Marshal.  See FED. R. CIV. P. 4(c).

this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action**; and it is further

**ORDERED,** that the Clerk serve a copy of this Memorandum-Decision and Order on Plaintiff by regular mail.

**IT IS SO ORDERED**.

DATED:   April 03, 2012
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge